UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA )
)
v. ) No. 3:21-cr-143
) Judges VARLAN/GUYTON
EMMANUEL HOURIZADEH )
)

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, the defendant, EMMANUEL HOURIZADEH, and the defendant's undersigned attorneys, have agreed upon the following:

1. The defendant knowingly and voluntarily waives his rights to be charged by indictment and to be arraigned and agrees to plead guilty to an information charging the defendant with one count of the following offense:

Price-Fixing Conspiracy: Beginning in at least as early as November 2017 and continuing until at least October 29, 2019, the exact dates being unknown to the United States, in the Eastern District of Tennessee and elsewhere, the defendant and his co-conspirators knowingly entered into and engaged in a combination and conspiracy to suppress and eliminate competition by fixing prices of video media contained on digital video discs and Blu-Ray discs (hereinafter, collectively, "DVDs and Blu-Ray Discs") sold through the Amazon Marketplace platform to customers located throughout the United States. The combination and conspiracy engaged in by the defendant and co-conspirators was a *per se* unlawful, and thus unreasonable, restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

1

(a) The maximum punishment for this offense is ten years' imprisonment; a fine in an amount equal to the greatest of (1) $1 million, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1; 18 U.S.C. § 3571(b)); three years' supervised release following any term of imprisonment, and a $100 mandatory assessment.

2. In consideration of the defendant's guilty plea, the United States agrees not to further prosecute the defendant for any other non-tax criminal offenses committed by the defendant that are related to the charges contained in the information and that are known to the United States Department of Justice, Antitrust Division or the United States Attorney's Office for the Eastern District of Tennessee at the time this plea agreement is signed by the parties. The nonprosecution terms of this paragraph do not apply to (a) any acts of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §§ 1503 *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

3. The defendant has read the information, discussed the charge and possible defenses with defense counsel, and understands the crime charged. Specifically, the elements of the Price-Fixing Conspiracy (Agreement in Restraint of Interstate Trade) offense, in violation of 15 U.S.C. § 1, are as follows:

    (a) The conspiracy described in the Information existed at or about the time alleged;

    (b) the defendant knowingly became a member of the conspiracy; and

    (c) the conspiracy described in the Information either substantially affected interstate commerce in goods or services or occurred within the flow of interstate commerce.

4. In support of the defendant's guilty plea, the United States and the defendant agree and stipulate to the following facts, which satisfy the elements of the offense. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

(a) For purposes of this Plea Agreement, the "relevant period" is that period from at least November 2017 and continuing until at least October 29, 2019. During the relevant period, the defendant operated multiple Amazon Marketplace storefronts with business addresses located in New York, Indiana, and Florida. The defendant, along with his business partner, directed and oversaw the storefronts' pricing. During the relevant period, the defendant was a distributor or seller of DVDs and Blu-Ray Discs and sold DVDs and Blu-Ray Discs through the storefronts on the Amazon Marketplace. DVDs and Blu-Ray Discs are forms of optical disc storage and the Amazon Marketplace is an e-commerce platform owned and operated by Amazon.com, Inc. ("Amazon") in the United States that enables third-party vendors to sell new or used products alongside Amazon's own offerings. The Amazon Marketplace is a component of the Amazon.com website. During the relevant period, the defendant delivered DVDs and Blu-Ray Discs to Amazon locations for further distributions to purchasers located throughout the United States. The defendant's affected sales to customers throughout the United States of DVDs and Blu-Ray Discs sold through the Amazon Marketplace totaled at least $1,100,000.

(b) During the relevant period, the defendant participated in a conspiracy with other persons and entities engaged in the sale and distribution of DVDs and Blu-Ray

3

Discs through the Amazon Marketplace, the primary purpose of which was to suppress and eliminate competition for the sale of DVDs and Blu-Ray Discs sold in the Amazon Marketplace by fixing prices of DVDs and Blu-Ray Discs sold through the Amazon Marketplace platform to customers throughout the United States. In furtherance of the conspiracy, the defendant engaged in discussions, transmitted across state lines both orally and electronically, with representatives of other sellers of DVDs and Blu-Ray Discs on the Amazon Marketplace. During these discussions, the defendant and conspirators reached agreements to suppress and eliminate competition for the sale of DVDs and Blu-Ray Discs sold in the Amazon Marketplace by fixing prices for DVDs and Blu-Ray Discs sold through the Amazon Marketplace to customers throughout the United States.

(c) During the relevant period, the defendant and other conspirators sold DVDs and Blu-Ray Discs through the Amazon Marketplace in various ways, and payments for DVDs and Blu-Ray Discs sold by the defendant and other conspirators through the Amazon Marketplace traveled in interstate commerce. The business activities of the conspirators in connection with the sale of DVDs and Blu-Ray Discs sold through the Amazon Marketplace that were the subject of this conspiracy were within the flow of, and substantially affected, interstate trade and commerce.

(d) Acts in furtherance of this conspiracy were carried out within the Eastern District of Tennessee. Such acts included at least one instance in which a conspirator located outside of the Eastern District of Tennessee passed along a request from a conspirator operating a storefront in Sweetwater, Tennessee for the defendant to raise prices on DVDs and Blu-Ray Discs in furtherance of the conspiracy. Such acts also

included multiple instances in which the defendant, or another conspirator acting with the defendant's authorization, engaged in conversation with a conspirator outside of the Eastern District of Tennessee aimed at securing price increases of DVDs and Blu-Ray Discs of a co-conspirator operating a storefront in Sweetwater, Tennessee.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, he is giving up several rights, including:

    (a)    the right to be indicted by a grand jury for these crimes;

    (b)    the right to plead not guilty;

    (c)    the right to a speedy and public trial by jury;

    (d)    the right to assistance of counsel at trial;

    (e)    the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    (f)    the right to confront and cross-examine witnesses against the defendant;

    (g)    the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    (h)    the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following:

    (a)    The Court may impose any lawful sentence.

    (b)    The Court will impose special assessment fees as required by law.

    (c)    The Court may order restitution pursuant to 18 U.S.C. § 3663(a)(3) or 3583(d) as appropriate.

(d) In light of the availability of civil causes of action, which potentially provide for a recovery of a multiple of actual damages, the parties agree to recommend that the defendant's sentence not include a restitution order for the offense charged in the Information.

(e) Pursuant to Rule 11(c)(1)(B), at sentencing the parties will stipulate that for the application of U.S.S.G. § 2R1.1(a)-(c), the volume of affected commerce is $1,100,000. This stipulation is not binding on the Court, and in the event the Court rejects this recommendation, the defendant may not withdraw his guilty plea or rescind this plea agreement.

(f) The parties agree that an aggravating role in the offense adjustment under U.S.S.G. § 3B1.1(c) is appropriate, based on the defendant's role in the conspiracy as a manager/supervisor. The parties agree that no mitigating role in the offense adjustment is appropriate under U.S.S.G. § 3B1.2.

7. No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea. The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, his criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

8. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of § 3E1.1(a) of the

Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to § 3E1.1(a), the United States agrees to move the Court, at or before the time of sentencing, to decrease the offense level by one additional level pursuant to § 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for his offense, including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines.

9. The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. § 5K2.0. The parties additionally agree not to seek at the sentencing hearing any Guidelines adjustment for any reason that is not set forth in this Plea Agreement.

10. The parties are free to recommend any, or no sentence of incarceration to the Court, provided that any such arguments are not inconsistent with any provisions of this agreement.

11. The defendant agrees to pay the special assessment in this case prior to sentencing.

12. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately or is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees

7

to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

(a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

(b) The defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

(c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the United States Attorney's Office to permit the United States Attorney's Office to obtain the defendant's financial and tax records.

13. The defendant acknowledges that the principal benefits to the United States of this agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this

8

agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

(a) The defendant will not file a direct appeal of his conviction or sentence with one exception: the defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether his sentence will be consecutive or concurrent to any other sentence.

(b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack his conviction or sentence, with two exceptions: the defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

(c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including, without limitation, by failing to enter

9

a guilty plea as agreed herein, moving to withdraw guilty plea after entry, or by violating any court order or any local, state, or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that he committed related to this case, including any charges that were dismissed and any other charges the United States agreed not to pursue. The defendant expressly waives any statute-of-limitations defense and any constitutional or speedy trial or double jeopardy defense to prosecution for the conduct covered by this agreement. The defendant also understands and agrees that a violation of this agreement by the defendant does not entitle him to withdraw his guilty plea.

15. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

16. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges. There are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

17. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

**For the United States**

FRANCIS M. HAMILTON III
Acting United States Attorney

11/1/2021
DATE

ROBERT M. JACOBS, IL Bar No. 6289819
KEVIN C. CULUM, MT Bar No. 3460
ELIZABETH K. NOONAN-POMADA,
IL Bar No. 6327383
Antitrust Division
U.S. Department of Justice
Chicago Office
209 S. LaSalle St., Ste 600
Chicago, IL 60604
Tel: 312-984-7200
Robert.Jacobs@usdoj.gov

11/1/21
DATE

WILLIAM A. ROACH, JR., TN Bar No. 028349
Assistant United States Attorney
Eastern District of Tennessee

11

**For the Defendant**

10/25/2021
DATE

*(signature)*
EMMANUEL HOURIZADEH
Defendant

10-29-21
DATE

*(signature)*
JAMES KOUSOUROS
ALISON L. ANDERSON
JOHN J. KUCERA
Attorneys for EMMANUEL HOURIZADEH